UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHELLE BROWN, ET AL

VERSUS

S. L. NETTERVILLE LOGGING, INC.,
ET AL

CIVIL ACTION

NUMBER 09-200-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, May 27, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHELLE BROWN, ET AL

VERSUS

S. L. NETTERVILLE LOGGING, INC.,
ET AL

CIVIL ACTION

NUMBER 09-200-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Plaintiff's Motion to Remand. Record document number 7. The motion is opposed.[1]

At issue in this motion is whether, for the purpose of removal, service on a non-resident defendant pursuant to LSA-R.S. 13:3474 is complete when the Secretary of State is served or is not complete until an affidavit of service is filed in the record.

Plaintiffs, who are Louisiana citizens, filed suit in state court and in their petition asked that service on the defendants, who are both Mississippi citizens, be made pursuant to R.S. 13:3474 by serving the Louisiana Secretary of State. The suit arises out of a motor vehicle accident in Louisiana. Plaintiffs alleged that defendant Johnnie R. Gorden, Jr., was the driver of the other vehicle, and that defendant S.L. Netterville Logging, Inc., owned it. The return of service filed in the state court record shows that both defendants were served by serving the Louisiana Secretary

---

[1] Record document number 8.

of State on February 9, 2009.[2]  Plaintiffs also filed with their motion copies of the certified mail return receipts showing delivery of the cover letter and Notice of Service, a copy of the Citation and a copy of the Petition for Damages to both defendants on February 23, 2009.[3]  All of the foregoing documents were attached to the affidavit of service executed on April 22, 2009 by counsel for the plaintiffs and filed with their Motion to Remand the next day.[4]

Defendants removed the case April 8, 2009, alleging subject matter jurisdiction under 28 U.S.C. § 1332.  Plaintiffs timely moved to remand on April 23, 2009, arguing that the removal was untimely under § 1447(b) because it was more than 30 days after service of the citation and petition on the defendants.  Defendants argued that the removal was timely because the affidavit of service was not filed until after they removed the case.  The underlying facts, particularly the relevant dates of service, are not disputed.

### Analysis

The Unites States Supreme Court held in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322

---

[2] Record document number 7-3, supporting memorandum, exhibits A-1 and A-2.

[3] *Id.*, exhibits A-3 and A-4.

[4] *Id.*, exhibit A.

(1999), that the 30-day removal period begins to run only after a defendant is formally served with process. The Louisiana statues applicable here are LSA-R.S. 13:3474 and 3475. They provide as follows:

> § 3474. Operation of motor vehicle by non-resident as appointment of secretary of state as agent for service of process
>
> The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Louisiana, or the operation by a non-resident or his authorized agent, employee or person for whom he is legally responsible of a motor vehicle within the state of Louisiana, shall be deemed equivalent to an appointment by such non-resident of the secretary of state of Louisiana or his successor in office, to be his true and lawful attorney for service of process, as well as the attorney for service of process of the public liability and property damage insurer of the vehicle, if such insurer be a non-resident not authorized to do business in the state, upon whom or such insurer, may be served all lawful process in any action or proceeding against the non-resident, or such insurer, growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle in this state, or while same is operated by his authorized agent or employee. In the event of the death of such non-resident before service of process upon him, any action or proceeding growing out of such accident or collision may be instituted against the executors or administrators of such deceased non-resident, if there be such, and if not, then against his heirs or legatees, and service may be made upon them as provided in R.S. 13:3475. **Process against the defendant or defendants, the non-resident, his executors or administrators, if there be such, and if not, then against his heirs or legatees, or the liability insurer of such vehicle, as the case may be, shall be of the same legal force and validity as if served upon such defendant personally.** (Emphasis added)
>
> § 3475. Service on secretary of state; sending or

3

delivering notice and copies; filing receipt or affidavit; continuances

A. **The service of the process authorized by R.S. 13:3474 shall be made by serving a copy of the petition and citation on the secretary of state**, or his successor in office, **and such service shall be sufficient service upon the defendant**, the nonresident, the executors or administrators of the deceased nonresident, if there be such, and if not, then against his heirs or legatees, or the nonresident liability insurer of the vehicle, as the case may be; **provided that notice of such service**, together with a copy of the petition and citation, is forthwith sent by the plaintiff by registered mail or certified mail with receipt requested, or is actually delivered to the defendant and the defendant's returned receipt, in case notice is sent by registered or certified mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, **is filed in the proceedings before judgment can be entered against the defendant**. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action. (Emphasis added)

Defendants cited no binding precedent holding that service is not complete under these statutes, for the purpose of removal, when the Louisiana Secretary of State is served as required. The statutes themselves clearly indicate that service on the defendant is complete when the Secretary of State is served.[5] The *Guidry* case cited by the defendants at best supports only the argument that the court does not have personal jurisdiction over the non-resident defendant when the certified mail return receipt has not

---

[5] *Allen v. Campbell*, 141 So. 827 (La.App. 2 Cir. 1932)(that service on nonresident motorist is complete upon delivery of the citation and petition to the Secretary of State).

4

been filed.[6]  Whether the plaintiff can obtain a judgment or other relief against the defendant before the affidavit of service is filed is not at issue in this motion.  Moreover, the defendants have not cited any statute which states, or a case which holds, that lack of personal jurisdiction over a defendant invalidates or impairs the prior service of process.

More importantly, both defendants received actual notice of the state court petition on February 23, 2009 when they received the February 20, 2009 letter from counsel for the plaintiffs.  If service was not complete on February 9 when the Secretary of State was served, it certainly was completed by February 23.

> At one time it was not clear whether service on a statutory agent, such as a Secretary of State (or comparable state official), designated by a nonresident motorist statue, was sufficient to commence the time period; cases reached different conclusions as to the sufficiency of this form of substituted service. Realistically speaking, of course, these kinds of statutory agents are not true agents but are merely a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for seeking removal begins to run only when the defendant or someone who is serving as the defendant's agent in fact receives the process.

14C Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3732, p. 286-88 (3d ed. 1998).

Several district courts in the Fifth Circuit have also

---

[6] *Guidry v. Rhodes*, 238 So.2d 248 (La. App. 3 Cir. 1970).

5

concluded that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent.[7]

The foregoing authorities, while not binding, are persuasive support for the conclusion that service of process on both defendants, for the purpose of removal, was complete at least by February 23, 2009.  Consequently, the defendant's Notice of Removal filed April 8, 2009 was untimely.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the

---

[7] *Manuel v. Unum Life Ins. Co. of America*, 932 F.Supp. 784 (W.D.La. 1996)(30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.,* 2008 WL 783592 (E.D. La. March 25, 2008)(general rule is that 30-day clock does not begin to run when a statutory agent such as secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process); *Sasser v. Allstate Ins. Co.*, No. 07-3926, 2007 WL 3119428, at *1 n. 1 (E.D.La. Oct. 23, 2007); *Martin & Pannagl, Ltd.* V. Scottsdale Ins. Co., No. 06-10536, 2007 WL 708780, at *1 (E.D.La. March 5, 2007)(noting "differing viewpoints" but finding that 30-day period commences on actual receipt of formal process by defendant as opposed to service on statutory agent); *Backes v. Colonial Life & Accident Ins.*, No. 06-215, 2006 WL 901799, at *2 (E.D.La. April 4, 2006)("[a]ctual notice to defendants is necessary in order to convey required information and afford them statutorily prescribed amount of time to decide in which court the case should be heard"); *see also Barackman v. Banister*, No. 06-3622, 2007 WL 189378, at *1 (S.D.Tex. Jan. 22, 2007) ("majority of courts considering the question have held that time for removal runs from receipt by the named defendant after transmission from the statutory agent"); *contra Bodden v. Union Oil Co. of Cal. and Life Ins. Co.* , 82 F.Supp.2d 584 (E.D.La.1998)(service of process on the statutory agent, not actual notice, commences 30-day removal period).

Plaintiff's Motion to Remand be granted.

Baton Rouge, Louisiana, May 27, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE